IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARK F. EDWARDS,<br><br>　　Plaintiff,<br><br>vs.<br><br>TIFFANY BLAIR,<br><br>　　Defendant. | MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTION TO DISMISS<br><br><br>Case No. 2:05-CV-452 TS |

Plaintiff moves to dismiss this year-old case without prejudice, because he is a resident of Australia and "finds this action too difficult to pursue at the time."[1] Plaintiff proffers that he "hopes that in the future he may be able to pursue this action."[2]

Defendant agrees that the case should be dismissed, but contends that the dismissal must either be with prejudice or that attorneys fees should be awarded because she has already incurred substantial expense in defending this action. Those expenses were incurred in connection with the following: hiring an expert; opposing two of Plaintiff's

---

[1] Docket No. 48.

[2] *Id.*

1

motions, motions that were later denied by the Magistrate;[3] attending four depositions taken at Plaintiff's request; filing a Motion to Compel, subsequently granted by the Magistrate because Plaintiff failed to timely respond to discovery requests; and filing a Motion seeking a Rule 35 examination of Plaintiff.[4]

Plaintiff sought to dismiss this action shortly before the Order granting the Rule 35 examination. He does not dispute Defendant's position that he was a resident of Australia at the time he filed this action. Plaintiff has not responded to Defendant's request that the case be dismissed with prejudice or, if it is dismissed without prejudice, that attorneys fees be imposed and the time to so respond has passed.

Where, as in this case, Defendant filed an Answer, Plaintiff may not voluntarily dismiss an action except by "order of the court and upon such terms and conditions as the court deems proper."[5]

> Absent "legal prejudice" to the defendant, the district court normally should grant such a dismissal. The parameters of what constitutes "legal prejudice" are not entirely clear, but relevant factors the district court should consider include: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation. Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper. The above list of factors is by no

---

[3] *See* Docket No. 39.

[4] Docket No. 50.

[5] Fed.R.Civ.P. 41(a)(2).

2

means exclusive. Any other relevant factors should come into the district court's equation.[6]

Among the other relevant factors include whether curative conditions would negate any legal prejudice.[7]

In considering these factors, the court finds that Defendant has incurred substantial "effort and expense in preparing for trial." The Court finds that there has been delay and lack of diligence on Plaintiff's part, but that the delay and lack of diligence was not "excessive." The Court finds that the factor of the present stage of the litigation is a factor that supports a finding of legal prejudice. Six months before filing the present motion, Plaintiff asserted that he was unable to timely complete his responsibilities as a litigant due to his residence in Australia,[8] yet he waited until Defendant had incurred substantial additional expense before moving to dismiss on the same ground. Examining the next factor, the Court finds that there is an "insufficient explanation of the need for a dismissal." As noted above, Plaintiff's current explanation is a situation that existed at the time he filed this action. Plaintiff states he "hopes" he may be able to pursue this action in the future, but there is no explanation for why prosecuting his claims from Australia could be any more feasible in the future. Thus, Plaintiff has haled Defendant into court when Plaintiff knew or

---

[6] *Ohlander v. Larson,* 114 F.3d 153,1536 -1537 (10th Cir. 1997) (internal quotations and citations omitted).

[7] *Brown v. Baeke*, 413 F.3d 1121, 1125-26 (10th Cir. 2005).

[8] *See* Docket Nos. 16, at 1 and 17 (requesting additional time to respond to discovery due to difficulty in communicating with counsel because Plaintiff lives in Australia).

should have known at the time of filing that there existed a circumstance that would render this case "too difficult" to prosecute.

Considering the totality of these factors, the Court finds that Defendant has suffered legal prejudice and that this case should therefore not be dismissed without prejudice. Where the explanation advanced for voluntary dismissal at this stage is a fact already known to Plaintiff when he filed this action, the Court deems it proper to impose dismissal with prejudice as a "term or condition" of granting Plaintiff's Motion.[9]  But where the Court imposes curative conditions on the voluntary dismissal that were not requested by Plaintiff, he should be given the opportunity to withdraw the motion.[10]   It is therefore

ORDERED that Plaintiff has until August 1, 2006, to file a withdrawal of his Motion to Dismiss (Docket No. 48) or the Motion will be granted and this case will be dismissed with prejudice.

DATED  July 13, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[9] 9 Charles A. Wright and A. Miller, *Federal Practice and Procedure* § 2366, p. 305-14 and n. 18.1 (1995).

[10] *Gonzales v. City of Topeka Kansas*, 206 F.R.D. 280, 283 (D. Kan. 2001) and *U.S. v. One Tract of Real Property*, 95 F.3d 442, 426 (6th Cir. 1996).